**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | **Criminal No. 19-cr-10421-DJC** |
| | ) | |
| **JOSE RODRIGUEZ-GARICA,** | ) | |
| **JOSE L. DIAZ FONTANEZ,** | ) | |
| **MANUEL COLON, and** | ) | |
| **LUIS RICARDO TORRES,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                      **September 8, 2023**

**I.     Introduction and Procedural History**

In this drug trafficking conspiracy case, four defendants are before this session of the Court and are scheduled to proceed to trial on December 11, 2023: Jose Rodriguez-Garcia ("Rodriguez-Garcia"), Jose L. Diaz Fontanez ("Diaz Fontanez"), Manuel Colon ("Colon") and Luis Ricardo Torres ("Torres") (collectively, "Defendants"). Diaz Fontanez was indicted on November 6, 2019 for possession with intent to distribute 500 grams or more of cocaine. D. 8. Less than a month later, on December 4, 2019, a superseding indictment was returned that charged all four defendants and nine others. D. 19. Along with Rodriguez-Garcia, Diaz Fontanez was charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (Count I); and he was the sole defendant named in Count V for possession with intent to distribute 500 grams or more of cocaine. D. 19 at 2–3, 9. Colon and Torres were charged with conspiracy to distribute

1

or possess with intent to distribute 500 grams or more of cocaine (Count II).  D. 19 at 4.  Rodriguez-Garcia was also charged with a money laundering conspiracy (Count IV).  D. 19 at 8.  Colon was also charged with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and 40 grams or more of fentanyl (Count III).  D. 19 at 6–7.

On June 22, 2023, this case (except as to Defendant Vicente Gonzalez, who remains assigned before J. Woodlock) was transferred to this session.  D. 642.  The Court scheduled and held a status conference on July 11, 2023.  D. 645, 658.  After scheduling hearings on the outstanding motions and a pretrial and trial schedule, this Court raised whether Defendants consented to exclusion of speedy trial time given the trial date set in December, D. 688 at 18, and the government indicated its intent to move to exclude time through the trial date of December 11, 2023.  Id.  For the first time, counsel for one of the Defendants, Diaz Fontanez, indicated that he would object to exclusion of time prior to the July 11, 2023 status conference.  D. 688 at 18.  The Court then set a schedule for the filing of the government's motion to exclude time and Defendants' response to same.  D. 658.

On July 14, 2023, the government moved to exclude time from December 21, 2021 to December 11, 2023.  D. 671.  Defendants assent to the exclusion of time from the time of the recent status conference, July 11, 2023, to the trial date of December 11, 2023, D. 671 at 1, but have not assented as to the exclusion of time before July 11, 2023.  Accordingly, each of the defendants now have filed motions to dismiss the superseding indictment on speedy trial grounds arising under 18 U.S.C. § 3161, the Speedy Trial Act, and the Sixth Amendment.  D. 673, 674, 675 and 679.  Having considered the government's motion to exclude time, D. 671, and Defendants' motions to dismiss, D. 673-75 and D. 679, the government's (consolidated)

opposition to same, D. 683, and Colon's reply brief, D. 690-1,[1] and having heard oral argument from counsel, D. 692, 693, 704, the Court DENIES the motions to dismiss and ALLOWS the government's motion and, contemporaneously, will enter its proposed order to exclude time.

## II.   Discussion

Since Defendants move to dismiss for failure to comply with the Speedy Trial Act and on constitutional grounds under the Sixth Amendment, the Court will address each ground in turn.

### A.   <u>Exclusion of Time Under the Speedy Trial Act Is Proper</u>

The Speedy Trial Act (the "Act") provides that trial of a defendant commence within seventy days of the filing of indictment or the first appearance of the defendant in court, whichever is later.  18 U.S.C. § 3161(c)(1).  Some periods of delay are automatically excluded from this 70-day period including, in relevant part:  18 U.S.C. § 3161(h)(1)(D) (excluding "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to— (D) delay resulting from any pretrial motion, for the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); 18 U.S.C. § 3161(h)(1)(H) (excluding "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to—(H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court"); 18 U.S.C. § 3161(h)(6) (excluding "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").  The Act also provides for the exclusion of "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the

---

[1] Colon moved to file a reply brief, D. 690, which the Court ALLOWS *nunc pro tunc*, and has considered D. 690-1 in the resolution of the referenced motions above.

defendant or his counsel or at the request of the attorney for the Government, if the judge grants such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A).

    *1.  The Prior "Ends of Justice" Exclusions of Time Under the Act Apply as to All Defendants*

    The Court had previously entered orders, at various junctures, excluding time from November 20, 2019 (date of the arraignment of Diaz Fontanez on the original indictment, D. 16) through December 21, 2021 after having made a determination that such continuances were warranted under 18 U.S.C. § 3161(h)(7)(A). D. 48 (excluding time between arraignment of Diaz Fontanez, November 20, 2019, through the initial status conference, January 21, 2020), D. 122 (excluding time from January 22, 2020, day after initial status conference was canceled upon joint request by parties, through March 11, 2020, the date set for an interim status conference), D. 138 (excluding time from March 11, 2020 through the date of a further interim status conference set for May 13, 2020 given defense counsel's request for more to time review the discovery), D. 188 (excluding time from the interim status conference scheduled for May 13, 2020 given the joint status report regarding ongoing discovery production and review to July 15, 2020, the new date set for further status conference), D. 203 (excluding time from the interim status conference scheduled for July 15, 2020 given the joint status report regarding ongoing discovery production and review to September 3, 2020, the new date set for further status conference), D. 226 (excluding time from the interim status conference scheduled for September 3, 2020 given the joint status report regarding ongoing discovery production and review to October 7, 2020, the new date set for further status conference), D. 229 (excluding time from October 8, 2020, the day after the interim status conference originally scheduled for October 7, 2020, given the joint status report regarding ongoing discovery production and review to December 2, 2020, the new date set for further status

conference), D. 236 (excluding time from the interim status conference scheduled for December 2, 2020 given the joint status report regarding ongoing discovery production and review to January 28, 2021, the new date set for final status conference), D. 247 (excluding time from the final status conference set for January 28, 2021 given the joint status report regarding ongoing discovery review to March 17, 2021, the new date set for final status conference), D. 259 (excluding time from the final status conference set for March 17, 2021 given the joint status report regarding review of "extensive discovery materials" and to allow plea discussions, D. 256 at 2, to May 6, 2021, the new date set for final status conference), D. 277 (after holding May 6, 2021 status conference where some defendants including but not limited to Diaz Fontanez and Colon requested more time, the Court excluded from May 6, 2021 to the July 21, 2021, now the date for final status conference for some of the defendants),[2] D. 322 (excluding time from July 21, 2021, to the rescheduled final status conference of August 31, 2021 where, among other things, Colon anticipated filing a motion for a Rule 11 hearing and Diaz Fontanez was "requesting additional time to seek a resolution of the case short of trial," D. 319 at 2), D. 333 (excluding time from August 31, 2021, to the rescheduled final status conference of October 6, 2021 where, among other things, Colon reported that plea discussions had been unsuccessful and he was moving for more time to file a dispositive motion and that plea discussions with Diaz Fontanez were ongoing, D. 330 at 2), D. 340 (excluding time from the further final status conference held on October 6, 2021 through the further final status conference set for November 3, 2021 and Diaz Fontanez and Colon remain before the magistrate judge, D. 336, 339), D. 355 (excluding time from November 3, 2021,

---

[2]Other of the defendants, including Rodriguez-Garcia and Torres, were referred back to Judge Woodlock for an initial pretrial conference at this time.  D. 279 (dated May 13, 2021). Rodriguez-Garcia indicated his intention to file a motion to suppress.  Id. at 1–2.  The Court (Woodlock, J.) allowed a motion to exclude time for July 21, 2021 through August 31, 2021 after their referral back to the district court.  D. 329, 361.

the date of canceled further final status conference and December 3, 2021 where both Diaz Fontanez and Colon now indicate their intent to file dispositive motions, D. 351 at 2),[3] D. 384 (excluding time from December 3, 2021, the further final status for the last defendant, Keon Green, before the magistrate judge to December 21, 2021, the date set for his Rule 11 hearing by the district court, D. 383, 385).

None of Defendants challenge the bases of these § 3161(h)(7)(A) ends-of-justice exclusions of time, but instead argue that a portion of the time excluded between the start of the case and December 21, 2021 does not apply to them (August 31, 2021 to December 21, 2021 as to Torres, D. 679 at 2; November 3, 2021 to December 21, 2021 as to Colon, Rodriguez-Garcia and Diaz Fontanez, D. 673 at 3; 674 at 2; 675 at 3).  All of these exclusions of time in this case apply to all of the defendants.  This is well settled as the First Circuit has recognized, "join[ing] the Second, Third, Seventh, Eighth, Eleventh, and District of Columbia Circuits and hold[ing] that [§ 3161](h)(7) stops the [speedy trial] clock for one defendant in the same manner and for the same amount of time as for all co-defendants." United States v. Rush, 738 F.2d 497, 504 (1st Cir. 1984). There are certainly good reasons for this rule as the Circuit could not "square [a contrary] . . . interpretation with the congressional intent of avoiding waste of resources on unnecessary severances and separate trials." Id.  That was the case here, where for defendants who were ready to proceed to Rule 11 hearings or had decided to file dispositive motions that must be handled by the district judge, the magistrate judge returned those defendants to the district court session. Simultaneously, the magistrate judge held the other defendants on the referral to his session as they indicated that they needed more time to review discovery or continue ongoing plea

---

[3] In light of the Colon and Diaz Fontanez's intentions to file dispositive motions, the magistrate judge referred these defendants back to the district judge.  D. 353.

negotiations.  This is an efficient and prudent division of labor in the management of a thirteen-defendant case and ignoring the well-settled law that the ends-of-justice exclusion as to any one such defendant applies to all co-defendants who are properly joined in the same case would undermine the Court's exercise of sound discretion in this regard.  Accordingly, the exclusion of time previously entered under § 3161(h)(7) from the beginning of the case through December 21, 2021 applies to all Defendants.

> 2. *The Exclusion of Time Under the Act Also Applies During the Pendency of the Dispositive Motions*

From May 25, 2021 forward, another provision of the Act excludes certain delay relating to the pendency of various of the motions filed by Defendants.  As noted above, the Act excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  18 U.S.C. § 3161(h)(1)(D).  The first of the dispositive motions filed by Defendants was the motion filed by Rodriguez-Garcia on May 25, 2021.  D. 281.  Although the Court (Woodlock, J.) held a status conference for these Defendants and others on August 2, 2022 (which, as discussed below, Defendants contend was a "hearing" for the purposes of the Act as to the other dispositive motions), counsel for Rodriguez-Garcia was not present and there was no "hearing" at that time regarding Rodriguez-Garcia's motion.  Moreover, the Court made no definitive decision at that time about whether he would grant Rodriguez-Garcia's request for an evidentiary hearing, D. 281 at 3, noting that he was "not going to set a date for it now."  D. 476 at 25.  Rodriguez-Garcia's motion remained pending at the time of this session's July 11, 2023 status conference (and now after an August 30, 2023 hearing, D. 704, has been resolved, D. 707).  Accordingly, the delay related to the pendency of this motion through the July 11, 2023 status conference (after which Defendants have consented to the exclusion of time) is excluded under § 3161(h)(1)(D) as to all Defendants including Torres who

had no such motion pending.  See Rush, 738 F.2d at 503; United States v. Santiago-Becerril, 130

F.3d 11, 20 (1st Cir. 1997); see also 18 U.S.C. 3161(h)(6) (excluding a "reasonable period of delay

when the defendant is joined for trial with a codefendant as to whom the time for trial has not run

and no motion for severance has been granted").

Given this conclusion about the pendency of Rodriguez-Garcia's motion, the Court need

not reach Defendants' argument that the August 2, 2022 status conference constituted a "hearing"

for the other dispositive motions that were pending at that time, namely, Colon's motion to dismiss,

D. 364 (filed on November 4, 2021), and Diaz Fontanez's motion to suppress, D. 378 (filed on

December 7, 2021) (after hearings held on August 8, 2023, D. 692-93, both motions have been

resolved, D. 694), but notes the following.  In each of the dispositive motions, Rodriguez-Garcia,

Diaz Fontanez and Colon sought *evidentiary* hearings.  D. 281 at 3; D. 378 at 3; D. 364 at 34.

Although he indicated some skepticism about whether evidentiary hearings were warranted, D.

476 at 11-12, Judge Woodlock indicated that he wanted to consider the matter further.  Id. at 11-

12, 16.  Whatever characterization that Defendants attempt to make of the Court's exchange with

counsel for Colon and Diaz Fontanez on their motions at the status conference, see, e.g., D. 673 at

5 (arguing that such exchange was a hearing for the purposes of the Act since it was "on-the-record

colloquy in which the district court hears the arguments of counsel and considers those arguments,"

citing United States v. Staula, 80 F.3d 596, 602 (1st Cir. 1996)), the August 2nd status conference

was not an evidentiary hearing, part of the very relief that Defendants sought.  As experienced

counsel on both sides of this case well know, an evidentiary hearing requires more court time to

schedule, presentation of witnesses by the parties and preparation by counsel for direct and cross

examination.  None of those were features of the August 2nd status conference and whether the

Court would grant evidentiary hearings for any of the motions was not decided at that time as

Judge Woodlock indicated that he was still reviewing the motion papers.  D. 476 at 11–12, 16; D. 464 (clerk's notes for August 2, 2022 status conference noting that the Court would "further review all submissions and determine if any further hearings are necessary"); see United States v. Scott, 270 F.3d 30, 57 (1st Cir. 2001) (noting that a "hearing date need not be scheduled until the court has had the opportunity to review the materials and to determine if additional filings are needed"); United States v. Ibrahim, 814 F.3d 30, 33 (1st Cir. 2016) (noting that "a district court's determination of need for a particular hearing deserves substantial deference").  As the Supreme Court has explained, the "provisions of the Act are designed to exclude all time that is consumed in placing the court in a position to dispose of a motion."  Henderson v. United States, 476 U.S. 321, 329 (1986); see United States v. Salimonu, 182 F.3d 63, 67–68 (1st Cir. 1999) (affirming exclusion for purposes of the Act where the district court had to consider if a hearing was required to dispose of the motions); United States v. Maxwell, 351 F.3d 35, 39 (1st Cir. 2003) (holding that exclusion of time was proper where the district court had to consider whether a hearing was required to dispose of a motion to sever).  This was not true at the time of the August 2nd status conference, as the decision to allow evidentiary hearings had not been decided and was not decided by this Court until August 14, 2023, D. 694 at 18–20, 34–35, and September 1, 2023, D. 707 at 19–20.[4]

### B.     There Also Was No Constitutional Speedy Trial Violation

The Court has also considered Defendants' constitutional basis for moving to dismiss, namely that the delay in their trial has violated their Sixth Amendment right to a speedy trial.  To

---

[4] In addition to his motion to dismiss, Colon's motion to unseal his motion to dismiss, D. 359, 414, remained pending at the August 2nd status conference (but has since been resolved after hearing, D. 694 at 36 n.11).  Although this motion was contested by the government, D. 424, it was not discussed at the status conference.

determine if a defendant's right to a speedy trial has been violated, the Court must consider four factors: "(1) the length of the delay; (2) the reason(s) for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant caused by the delay." Santiago-Becerril, 130 F.3d at 21 (citing the factors articulated in Barker v. Wingo, 407 U.S. 514, 530 (1972)). These are "related factors and must be considered together with such other circumstances as may be relevant." Id. (internal citation and quotation marks omitted).

The delay between Diaz Fontanez's arraignment on the original indictment on November 20, 2019 (as other Defendants were not charged until the superseding indictment was filed on December 4, 2019, D. 19) and the trial now scheduled for December 11, 2023, is presumptively prejudicial as it substantively exceeds one year. United States v. Souza, 749 F.3d 74, 81 (1st Cir. 2014). This fact, however, does not end the analysis, but begins it as the Court must consider all of the Barker factors. Santiago-Becerril, 130 F.3d at 22.

As to the second factor, the reasons for the delay do not suggest that length of the delay here constitutes a Sixth Amendment violation. As discussed above in regard to analysis under the Act, the pre-December 21, 2021 delay was justified by the needs of the case and, at the request of various of the defendants for additional time to review discovery, consider filing dispositive motions and continue plea negotiations with the government. As the August 2, 2022 status conference revealed, as of that time, the Court was still considering the three dispositive motions then pending and wanted more opportunity to consider them. There is no suggestion on this record that any of that delay was due to the government's misconduct or negligence. Santiago-Becerril, 130 F.3d at 22 (noting the absence of same in its Barker analysis). The docket reflects that between the August 2, 2022 status conference and the June 22, 2023 reassignment of Defendants to this session, D. 642, the Court and counsel for the government were involved in Rule 11 hearings,

sentencings, an evidentiary hearing (regarding the motion to suppress of another defendant, Vicente Gonzalez, who remains before Judge Woodlock) and other proceedings in this case. This is not a "mega case" where a court should be concerned that the government was contributing to delay by the sheer magnitude of defendants charged. See United States v. Maldonado-Peña, 4 F.4th 1, 18–19 (1st Cir. 2021) (criticizing the charging of fifty-five defendants in a single indictment, but affirming the denial of motions to dismiss on Sixth Amendment grounds after analyzing the Barker factors). Instead, the thirteen defendants here, charged in factually overlapping conspiracies arising from a wiretap investigation, were properly joined in this case, see D. 694 at 30-34 (denying Colon's motion to sever counts where they involved different conspiracies).

Considering the third factor, none of the Defendants asserted any speedy trial right until July 11, 2023, the status conference convened by this session. This factor examines whether a defendant "has actively asserted his right to a speedy trial" which "is not satisfied merely by moving to dismiss after the delay has already occurred." United States v. Batie, 433 F.3d 1287, 1291 (10th Cir. 2006). Instead, the focus is on "whether the defendant's behavior during the course of litigation evinces a desire to go to trial with dispatch." Id. That cannot reasonably be said of the Defendants on this record. Defendants raised a speedy trial objection for the first time only after the Court had solicited a joint status report from the parties, D. 655-56 (which did not raise a speedy trial objection), and, with the input from counsel, set hearings on the pending motions and a trial date of December 11, 2023. D. 658; D. 688 at 18. This speedy trial concern was not raised with Judge Woodlock at the August 2, 2022 status conference when he discussed the likely length and timing of the trial. D. 476 at 25–30. When counsel for one defendant indicated having trials already set for October and November 2022, the Court expressed some concerns with holding a

trial at the end of 2022 given the chance of a rise of COVID cases around the holidays.  Id. at 26; see United States v. Cortez, No. 10-10198-FDS, 2021 WL 534866, at *6 (D. Mass. Feb. 12, 2021) (reasoning that the delay was reasonable because the case involved an alleged drug conspiracy with nine codefendants and because "the parties, counsel, and the court have to contend with the many difficulties that the COVID-19 pandemic created in the judicial system, not the least of which is conducting jury trials safely in multiple-defendant cases").  After further discussion, the Court indicated that the trial would be at the end of January for jury selection to begin.  Id. at 28.  The next day, August 3, 2022, the Court entered an order setting trial to begin the week of January 30, 2023 with the final pretrial conference on January 23, 2023.  D. 467.  There was no objection to the scheduling of same on speedy trial grounds at that time, when that trial date was canceled on January 4, 2023, D. 553, or even during the approximate six-month period between that cancellation and the June 2023 transfer to this session.  The failure to assert a speedy trial right, "will make it difficult for a defendant to prove that he was denied a speedy trial."  Barker, 407 U.S. at 532.

Here, Defendants did not object to the setting of a January 2023 trial or the cancellation of it even as the upshot of their arguments now is that even the January 2023 trial date would have violated their speedy trial rights.  There may, of course, be strategic reasons why Defendants did not assert their speedy trial rights.  First, they could have reasonably understood that the Court was still weighing whether to grant evidentiary hearing(s) as to their motions and needed more time to do so and resolve those motions and they wanted to allow the time that the Court needed to do so. Second, each of Defendants are facing significant sentences if convicted.  Three of the Defendants (all but Diaz Fontanez)—Colon, Rodriguez-Garcia and Torres—presently are on pretrial release, D. 683 at 20, such that continued compliance with pretrial conditions of release could be cited

favorably at sentencing if they are convicted.  Third, and most significantly, Defendants may have wanted more time to continue plea negotiations (as the government indicated had continued during the pendency of the dispositive motions) and/or prepare for trial.  Even at the July 11, 2023 status conference, Defendants agreed to the "ends of justice" exclusion of time from that date to the trial date of December 11, 2023, D. 688 at 18, suggesting that Defendants are not presently ready for trial.

Lastly, the Court has assessed the prejudice of the delay in terms of preventing oppressive pretrial incarceration, minimizing anxiety caused by pendency of a criminal charge and limiting the possibility that the defense will be impaired by the delay.  United States v. Lara, 970 F.3d 68, 82–83 (1st Cir. 2020).  As noted above, the length of the delay here is presumably prejudicial. Even so, the impairment of a defense has not been sufficiently explained here, particularly as much of the evidence presumably here is not percipient witness testimony, but recorded surveillance and wiretap interceptions.  Any anxiety experienced while these serious criminal charges are pending is outweighed by the considerations discussed above that Defendants may have had in not asserting their speedy trial concerns earlier.  The Court has given special consideration to the prejudicial effect of such delay on Diaz Fontanez who remains detained pending trial (despite multiple, prior motions for release during the pandemic, D. 151, 153, 163, 164) but even as to him (and all of the Defendants), the presumed prejudice from the length of the delay is counterbalanced by the reasons for that delay "as well as the number of years they waited before asserting their speedy trial rights." Maldonado-Peña, 4 F.4th at 18.

For all of these reasons, the Court concludes that the delay here, even considered *in toto*, does not rise to the level of a Sixth Amendment violation or a violation of the Act.  Accordingly, dismissal is not warranted.  Moreover, for all of the reasons explained herein, the Court concludes

that the ends of justice served by the exclusion of time from December 21, 2021 to December 11, 2023 outweigh the best interest of the public and the Defendants in a speedy trial.

**III.     Conclusion**

For the foregoing reasons, the Court DENIES Defendants' motions to dismiss, D. 673, 674, 675, 679, and ALLOWS the government's motion to exclude time, D. 671, and will enter the proposed order regarding same, D. 671-1.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge